**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATENT ASSET LICENSING, LLC,

    Plaintiff,

v.                                Case No.   3:15-cv-744-J-32JBT

YMAX CORPORATION,

    Defendant.

_____

**O R D E R**

This case is before the Court on Defendant YMax's Unopposed Motion to File Under Seal an Exhibit to ECF No. 29 (Doc. 30), filed on September 9, 2015, and YMax's Unopposed Motion for Leave to File Under Seal Its Motion for Summary Judgment With Incorporated Memorandum and Supporting Exhibits (Doc. 32), filed on September 22, 2015. Upon due consideration, the Court determines that both motions to seal should be granted.

Plaintiff Patent Asset Licensing, LLC's ("PAL") has brought claims against YMax for infringement of three of its patents. (Doc. 1.) On September 9, 2015, YMax filed a Motion for a Partial Stay of Discovery Pending Determination of its Motion for Summary Judgment (Doc. 29), alleging that PAL's claims are barred in their entirety by a covenant not to sue granted to YMax by Telemaze LLC, the original assignee of the patents-in-suit. Accordingly, YMax moved to file the agreement memorializing the covenant under seal because the agreement provided that certain information contained therein must remain confidential. (Doc. 30.) YMax now moves for leave to

file the entire motion for summary judgment, memorandum of law, and supporting

exhibits under seal, arguing that some of the information described in the

memorandum and most of the supporting exhibits contain information concerning

which YMax has confidentiality obligations to other parties. (Doc. 32.)

The public has "a common-law right to inspect and copy judicial records and

public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir.

1987) (per curiam) (citations omitted). The public's right of access to judicial records

may be overcome, however, by a showing of good cause by the party seeking protection.

See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir.

2001); see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good

cause "generally signifies a sound basis or legitimate need to take judicial action." In

re Alexander, 820 F.2d at 356.

If good cause has been shown, the court must then balance the interest in

obtaining access to the information against the interest in keeping the information

confidential. Chicago Tribune Co., 263 F.3d at 1313. In balancing these interests:

> courts consider, among other factors, whether allowing
> access would impair court functions or harm legitimate
> privacy interests, the degree of and likelihood of injury if
> made public, the reliability of the information, whether
> there will be an opportunity to respond to the information,
> whether the information concerns public officials or public
> concerns, and the availability of a less onerous alternative
> to sealing the documents.

Romero, 480 F.3d at 1246 (citations omitted). Moreover, even in the absence of any

challenge to sealing the information, the court, as "the primary representative of the

public interest in the judicial process," is duty-bound "to review any request to seal the

record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

To aid the court in its review, Local Rule 1.09 requires any motion to seal to provide:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla. R. 1.09(a).

"'Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.'" NXP B.V. v. Research In Motion, Ltd., No. 6:12–cv–498–Orl–22TBS, 2013 WL 4402833, *2 (M.D. Fla. Aug.15, 2013) (quoting Vista India, Inc. v. Raaga, LLC, No. 07–1262, 2008 WL 834399, *2 (D.N.J. Mar. 27, 2009)). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246. Courts in this district have granted motions to seal in patent infringement cases where the information sought to be protected was designated "confidential" by agreement of the parties and where public access to the documents could violate the parties' privacy or proprietary interests. See, e.g., Arthrex, Inc. v. Parcus Med., LLC, No. 2:11-CV-694-FTM-29CM, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014); NXP B.V., 2013 WL 4402833, at *2.

In this case, YMax represents that allowing public access to its agreement with Telemaze could "subject[] YMax to the potential claim that it has violated a confidentiality obligation to . . . Telemaze." (Doc. 30 at 1.) YMax further states that the remaining exhibits consist of assignment documents, a purchase agreement, and a license agreement relating to the chain of title for the patents-in-suit, all of which Plaintiff produced in this litigation under the designation of "Confidential – Attorney's Eyes Only." (Doc. 32 at 2.) Thus, YMax requests that the Court allow it to file these documents under seal so it may comply with its confidentiality obligations. Because the motion for summary judgment with the incorporated memorandum of law quotes from and summarizes information contained within those same documents designated as confidential by Telemaze and PAL, YMax also requests leave to file those documents under seal.

YMax states that other methods, such as redaction, are insufficient because the Court may need to examine the entirety of the documents to decide the motion. (Doc. 30 at 2; Doc. 32 at 3.) It further proposes that the documents be sealed for the duration of the case, after which point it requests that the sealed materials be returned to the parties. (Id.)

Upon due consideration, the Court finds that allowing public access to the information the parties seek to file under seal could harm their legitimate privacy and proprietary interests, and there is no less restrictive method available to protect the information. Therefore, because they are unopposed and there exists good cause, the motions to seal will be granted and the parties permitted to file the documents under

4

seal. However, the Court will determine later whether the items will remain under seal for the duration of the case.

Accordingly, it is hereby

**ORDERED:**

1.      Defendant YMax's Unopposed Motion to File Under Seal an Exhibit to ECF No. 29 (Doc. 30) is **GRANTED**;

2.      YMax's Unopposed Motion for Leave to File Under Seal Its Motion for Summary Judgment With Incorporated Memorandum and Supporting Exhibits (Doc. 32) is **GRANTED**; and

3.      YMax shall mail or hand-deliver the materials to be filed under seal to the Clerk. The documents will remain under seal for the duration of this litigation or until further order of the Court. In addition, YMax shall provide a proposed redacted version of its Motion for Summary Judgment so the Court may compare it to the unredacted version and evaluate whether it must remain sealed.

**DONE AND ORDERED** in Jacksonville, Florida the 29th day of September, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies to:

Counsel of record

5